406 A.2d 1085

Edna Alice GREENHOLT

v.

Gerald E. FRANKLIN and Sandra L. Franklin, his wife, and
Anne E. Wallace and Mary K. Ruby, Executrixes of the
Estate of Irvin F. Mundis.

Appeal of Gerald E. FRANKLIN and Sandra L. Franklin.

Superior Court of Pennsylvania.

Argued March 12, 1979.

Decided June 28, 1979.

Allen H. Smith, York, for appellants.

Victor Dell'Alba, York, for appellee.

Before VAN der VOORT, WATKINS and LIPEZ, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of York County, Civil Division, in an action to quiet title to real estate by the appellant-defendants, Gerald E. Franklin and Sandra L. Franklin, his wife, and Anne E. Wallace and Mary K. Ruby, executrixes of the Estate of Irvin F. Mundis.

Irvin F. Mundis, hereinafter referred to as "testator" died on October 9, 1975, leaving a Last Will and Testament dated October 1, 1970, and a Codicil thereto dated January 30, 1975, by which he gave, devised and bequeathed "to Edna

Alice Greenholt, that certain dwelling house known and numbered as 4221 City Hall Drive, Dover Township, York, York County, Pennsylvania, into which I am about to move." Greenholt was his housekeeper and is the plaintiff in this action.

The house in question was constructed in August of 1974 on two separate parcels of real estate, one parcel purchased from the defendants in 1970 (Tract # 1), and one parcel purchased in 1974 (Tract # 2). Most of the house was constructed on the parcel purchased in 1974. However, fifteen feet of the house extended onto the parcel purchased from the defendants. This fifteen feet consisted of about one-half of the carport of the home.

On December 16, 1975, the executors of the testator's estate conveyed all of Tract # 1, the tract purchased from the defendants in 1970, back to the defendants. Thus, fifteen feet of the plaintiff's carport extends onto defendant's property. Defendants began interfering with plaintiff's use of the carport and on July 6, 1977, the plaintiff brought this action to quiet title against the defendants as to Tract # 1.

On April 27, 1978, the court below ordered a reformation of the December 16, 1975, deed by which the estate of the testator conveyed Tract # 1 back to the defendants. The court ordered that a twenty-five feet by one hundred and ninety feet strip of land be awarded to the plaintiff; including the fifteen feet carport area and ten feet additional to comply with Dover Township's zoning setback requirements. From this order defendants appeal.

The sole issue is whether the testator intended plaintiff to have what the court below awarded the plaintiff. If he did so intend then his estate could not convey the twenty-five feet by one hundred and ninety feet strip of land on which the house was partially situated back to defendants as it passed to plaintiff under the terms of testator's will.

Defendants-appellants allege that if the deed reformation is permitted to stand it will cut into the portion of Tract

# 1 on which their trailer is situated and will result in their parcel being in violation of the local zoning ordinance.

A devise of a "house" carries with it the land which it physically covers and also a certain amount of land in addition, the latter varying, according to the circumstances of the individual case, to whatever amount is necessary to properly and conveniently enjoy the use of the house devised or the entire curtilage customarily inhabited by the testator during his lifetime as a single unit or establishment. *Fitzgerald v. Fitzgerald,* 73 D. & C. 170 (1950). Since it was obviously the testator's intent to devise to the plaintiff the house at 4221 City Hall Drive in Dover Township, York County, Pennsylvania it is also apparent that such devise carried with it an amount of land "necessary properly and conveniently to enjoy the use of the house" and since an additional ten feet is necessary to enjoy the house "properly" i. e., in conformity with local zoning requirements, we hold that the court below was correct in rendering the reformation of the deed as it did.

Order affirmed.