46700. WARDLAW et al. v. HUFF et al.
(378 SE2d 684)

GREGORY, Justice.

Appellant is the sister of appellee. In 1956 their parents gave appellant one acre of land adjoining their farm on which appellant and her husband constructed a residence. In 1967 appellant's parents executed a deed to this property. Subsequently appellant built a ceramic shop on the back of her property. The parties agree that this building extended approximately forty-one inches onto their parents' property. Appellant began teaching classes in ceramics and as her clientele grew, her parents allowed her to use a portion of their property for a parking area. Appellant never paved or graveled this parking area, but testified that she planted shrubbery and a tree around it.

Appellant's father died in 1972. Her mother died in 1987, leaving a will in which she named the parties co-executors. Appellant thereafter brought this suit against appellee, claiming that under Item V of the will she is entitled to the parking area used in conjunction with her ceramic shop.

Item V of the will provides:

If my daughter, HELEN WARDLAW'S ceramic shop is located on any portion of the real estate of which I may die possessed, I give, bequeath and devise that part of my real estate to her before the sale or distribution of any of my real estate so that there will be no title problem with her shop or the real estate upon which the building is located.

A jury trial was held at which the parties agreed the only issue to be decided was the effect of Item V of the will. At the close of plaintiff's evidence the trial court directed a verdict in favor of appellee concluding that Item V of the will is unambiguous, and that the testatrix intended to devise to appellant only those forty-one inches of her property on which the ceramic shop encroaches.

1. Appellant cites numerous authorities which state the rule that

the devise of a building carries with it the ground on which the building stands as well as the curtilage and everything which is necessary to the beneficial enjoyment of the building. See, e.g., 96 CJS 168-169, Wills, § 761; *Greenholt v. Franklin,* 406 A2d 1085 (Pa. Super. 1979); and *Clevenger v. Mueller,* 547 SW2d 173 (Mo. 1977). See also *McElrath v. Haley,* 48 Ga. 642 (1873). She argues therefore that the use of the term "ceramic shop" in Item V of the will should be interpreted to include the parking area appurtenant to the ceramic shop. However, the cases cited by appellant are distinguishable from the case before us. Here the testatrix did not devise the ceramic shop to appellant. Had this been done the appellant's argument that the parking area was included in the devise would be more persuasive. Rather, the testatrix devised to appellant "that part of [her] real estate. . .on which [appellant's] ceramic shop is located. . . ." We agree with the trial court that Item V of the will is unambiguous, and conveyed to appellant only the forty-one inches of real estate on which her building encroaches. We hold that the trial court did not err in granting appellee's motion for directed verdict. Further, we hold that the trial court did not err in denying appellant's motion for directed verdict on this issue.

2. After the close of her evidence, appellant moved for a directed verdict on the ground that her parents had granted her a parol license to use the parking area which had ripened into an irrevocable license due to the improvements she made. OCGA § 44-9-4. The trial court denied the motion.

As stated above, the record affirmatively indicates the parties agreed prior to trial that the only issue to be tried was the effect of Item V of the will. We hold the trial court did not err in denying appellant's motion for directed verdict on the issue of an irrevocable license. It would be unfair to direct a verdict on an issue the parties agreed was not to be tried. Appellee might very well have presented contrary evidence if the issue was before the court.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 1989.

*Gleason & Davis, Frank M. Gleason, John W. Davis, Jr.,* for appellants.

*Christopher A. Townley,* for appellees.